## JOSEPH P. SILSBY *vs.* ALBERT BULLOCK.

A married woman may, by a will duly executed with her husband's written assent, dispose of all her real estate, so as to cut off his right as tenant by the curtesy.

WRIT OF ENTRY to recover a dwelling-house and lot in Cambridge.

It was agreed, in the superior court, that the premises were the sole and separate property of the tenant's wife, who by her will duly executed and proved, by her husband's written assent, devised the same to the tenant in trust, for the use of her four children. After her death the demandant recovered judgment against the tenant upon a note, and levied the execution upon the tenant's alleged estate as tenant by the curtesy of the premises.

Upon these facts, judgment was ordered for the tenant, and the demandant appealed to this court.

*A. Russ,* for the demandant.

*J. L. English,* for the tenant.

BIGELOW, C. J. The power of a married woman to dispose of the real estate which belongs to her in her own right as her sole and separate property by a last will duly executed is clear and unquestionable. It is expressly conferred by Gen. Sts c. 108, § 9. The only limitation on this power is that which is

expressed in § 10 of the same chapter, which provides that the will of a married woman devising her separate real estate shall not operate to impair or destroy her husband's right as tenant by the curtesy without his written assent. This affords a clear and direct implication that with such assent her will may be effectual to cut off his right to hold her real estate after her death during his own life as tenant by the curtesy. The manifest intention of the legislature in enacting the provisions contained in Gen. Sts. *c.* 108, §§ 9, 10, was to confer on a married woman full testamentary capacity as to her separate estate, both real and personal, with two exceptions only. These exceptions were intended for the benefit of the husband. They restricted her authority as to the personal estate, by providing that she should not dispose of more than half of it without her husband's written assent; and as to the real estate, that she should not impair his right as tenant by the curtesy without a similar assent. But with such assent, there is no restriction on her authority to dispose of her real and personal estate by will in the same manner as if she were sole. When therefore a husband assents in writing to a will, executed by his wife, of her separate estate, unless such assent is qualified or limited, the will is valid and effectual to pass all her real and personal estate, to the extent to which the devises and bequests therein contained dispose of the property. The assent can have no other effect or operation. It is not necessary, as has been already stated, to the validity of the will. This has effect and operation to a certain extent without the husband's assent. It is otherwise with respect to deeds of the separate real estate of a wife. By the provisions of § 3 of the same chapter, these are not valid even to convey the wife's separate estate beyond the time of one year, unless assented to in writing by the husband, or unless he joins in the conveyance.

On looking at the will of the wife of the tenant in the present case, it is apparent that he gave his unqualified assent to it, and that she intended by its provisions to dispose of all her property, both real and personal, absolutely for the sole use and benefit of her children, and that this intention was expressed in apt and proper words. The will is therefore a bar to any title of the

husband as tenant by the curtesy, and the demandant took nothing by his levy.

It is suggested that the assent of the husband to the will of his wife is inoperative as to the demandant because it was in the nature of a voluntary conveyance of his interest in the wife's real estate, and was therefore fraudulent and void as to existing creditors. The answer to this is twofold. In the first place, it does not appear that the assent was given with any intent to defraud creditors, or that the tenant was in an insolvent condition at the time the assent was signed. *Lerow* v. *Wilmarth*, 9 Allen, 382.

In the next place, the power to give such assent is conferred by statute without qualification or restriction. It is not in the nature of a transfer or conveyance of property in which the husband had any present right or interest, or to which his creditors could look for the payment of their debts, but it is only a waiver of any right in the husband to his wife's property after her decease, of which during her life he had no control, and which was expressly exempted by law from liability for his debts. Gen. Sts. *c.* 108, § 1.       *Judgment for the tenant.*